July 5, 1979

### 79-49  MEMORANDUM OPINION FOR THE ACTING DIRECTOR, EXECUTIVE OFFICE OF U.S. ATTORNEYS

### Ethics in Government Act—Financial Report— Application to Spouses and Children of Reporting Official (5 U.S.C.A. App. I)

This is in response to your memorandum requesting our opinion on a question raised by a U.S. Attorney regarding the requirement under the Ethics in Government Act that the reporting official include information pertaining to his spouse and dependent children.

The requirement for reporting of spouses' and children's interests appears in § 202(e)(1) of the Ethics in Government Act 5 U.S.C.A. App. I, 1980 Supp. which provides in pertinent part:

(e)(1) Except as provided in the last sentence of this paragraph, each report required by subsection (a), (b), or (c) of this section shall also contain information listed in paragraphs (1) through (5) of subsection (a) respecting the spouse or dependent child of the reporting individual as follows:

* * *

Each report referred to in subsection (b) of this section shall, with respect to the spouse and dependent child of the reporting individual, only contain information listed in paragraphs (1), (3), and (4) of subsection (a), as specified in this paragraph.

The U.S. Attorney suggests that the reference to "subsection (a), (b), or (c)" at the beginning of § 202(e)(1) refers not to those subsections of § 202, but to subsections (a), (b) and (c) of § 201.

The U.S. Attorney bases his suggestion on the fact that § 201 is captioned "PERSONS REQUIRED TO FILE" and that § 202 is captioned "CONTENTS OF REPORTS." He notes that § 202 does not "require" any reports to be filed. Rather, he says, it merely describes the contents of the reports that are required by § 201 to be filed by various categories of persons. Therefore, he believes the reports that must contain information

about spouses and dependent children are those required to be filed by subsections (a), (b) and (c) of § 201—*i.e.,* by those who assume office, by those who are nominated to office by the President, and by those who become candidates for the office of President or Vice President. We find this suggestion without merit.

First, the natural reading of § 202(e)(1), quoted above, is that it refers to subsections (a), (b) and (c) of the same section of which subsection (e) is itself a part, namely, § 202. Ordinarily, when a statute refers to a subpart of another section, the number of the other section is also expressly cited. Moreover, in § 202(e)(1), immediately after the reference to reports "required by subsection (a), (b), or (c)" at issue here, there is a reference to "paragraphs (1) through (5) of subsection (a)."[1] Subsection (a) of § 201 is not subdivided into paragraphs, while subsection (a) of § 202 is. Obviously, the second reference to "subsection (a)" in § 202(e)(1) must be to subsection (a) of § 202. Presumably, if Congress had intended a different subsection (a) in the immediately preceding reference, that reference would have been made express.

Second, he makes too much of the captions of §§ 201 and 202. Section 201 identifies the persons who must file reports, while § 202 describes the type of report these individuals are required to file. Subsection (a) describes the full report required to be filed on an annual basis by those holding office as of May 15 of each year (*i.e.,* by persons identified in § 201(d)). Subsection (b) of § 202 describes the more limited report to be filed by persons when they assume office, are nominated to office by the President, or become candidates for elective office (*i.e.,* by persons identified in §§ 201(a), (b) and (c)). These officials must report their assets, liabilities, outside affiliations, and future employment arrangements as of a given point in time near the date of filing. But they need not reach back to an earlier period to report gifts or most income previously received or property transactions previously engaged in. The last sentence of § 202(e)(1) makes a similar concession with regard to the spouse and children of a person who files a report "referred to in subsection (b)." Finally, subsection (c) of § 202 describes the information that must be filed by those who leave a covered executive branch position (*i.e.,* persons identified in § 201(e)).

---

[1] The last sentence of § 202(e)(1) likewise refers to paragraphs of "subsection (a)."

Aside from this explanation based solely on the statutory language, we can think of no reason why the Congress would have intended to require officials to report information pertaining to their spouses and dependent children only at the time those officials enter public office and not annually thereafter or when they leave office. We are aware of nothing in the legislative history of the Act to suggest this purpose.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*